Case 8:25-cv-00727-SDM-AAS   Document 1-1   Filed 03/25/25   Page 1 of 13 PageID 5
DIN: 3

IN THE COUNTY COURT OF THE SIXT JUDICIAL CIRCUIT
IN AND FOR PASCO COUNTY, FLORIDA

JORGE ALEJANDRO,                              CASE NO.:

　　　Plaintiff,

vs.

AQUA FINANCE, INC.

　　　Defendant.                              **JURY TRIAL DEMANDED**
_____/

## COMPLAINT

Plaintiff, Jorge Alejandro (hereinafter "Plaintiff"), by and through the undersigned counsel, sues Defendant, Aqua Finance, Inc. hereinafter ("Aqua" or "Defendant"), in support thereof, Plaintiff states:

## PRELIMINARY STATEMENT

1.　　　This is an action for damages for violations of the Florida Consumer Collection Practices Act, Chapter 559, Florida Statutes (hereinafter, the "FCCPA"), the Fair Credit Reporting Act, and 15 United States Code, Section 1681 *et seq.* (hereinafter, the "FCRA"), wherein Aqua and its representatives attempted to a collect consumer debt from Plaintiff through negative credit reporting in an unlawful attempt to collect the alleged debt from Plaintiff.

2.　　　Additionally, despite Plaintiff's meritorious disputes of the debt, including the balance alleged to be owed, and account's credit reporting, Aqua

continued to report an account balance as past due on Plaintiff's consumer credit reports and failed to notate the accounts as disputed, both to the substantial detriment of Plaintiff's credit rating and in violation of the FCRA.

## JURISDICTION, VENUE & PARTIES

3.      This is an action that exceeds damages in the amount of $8,000.00 does not exceed damages in the amount of $50,000.00, exclusive of attorney's fees and costs.

4.      Venue is proper as Plaintiff is a natural person and resident of New Port Richey, Pasco County, Florida.

5.      The conduct complained of herein occurred in Pasco County, Florida.

6.      Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c).

7.      Aqua is a business entity and furnisher of credit information doing business in Pasco County, Florida.

8.      At all material times herein, Aqua is a foreign profit corporation conducting business in the State of Florida.

9.      At all material times herein, Plaintiff is a "debtor" or "consumer" as defined by Florida Statutes, Section 559.55(8) and 15 United States Code, Section 1681a(c).

10.     At all material times herein, Aqua, itself and through its affiliates, regularly attempts to collect debts, including but not limited to, alleged balances due from Plaintiff on a mortgage loan.

11.     At all material times herein, Aqua is a "person" subject to Florida Statutes Section 559.72.  *See* Florida Statutes, Section 559.55(3); *Schauer v. General Motors Acceptance Corp.*, 819 So. 2d 809 (Fla. 4th DCA 2002).

12.     At all material times herein, the alleged balance due on the Account is a consumer debt, an obligation resulting from a transaction for goods or services incurred primarily for personal, household, or family use.

13.     At all material times herein, Aqua's conduct regarding the Account complained of below—including furnishing the alleged Account information to consumer reporting agencies—qualifies as "communication" as defined by Florida Statutes, Section 559.55(2).

14.     Aqua furnishes, reports, publishes, and verifies specific details of consumers' alleged outstanding or delinquent debt accounts to compel or coerce the alleged debtor to either satisfy the alleged balance or suffer the consequences of delinquent accounts, such as higher interest rates on consumer loans or complete denial of credit.

15.     All necessary conditions precedent to the filing of this action occurred, or Defendant has waived the same.

## FACTUAL ALLEGATIONS

16.     In October 2024, Plaintiff commenced a review of his credit reports in preparation for applying for a HELOC to complete repairs and improvements on his home.

17.     In November 2024, Plaintiff noticed that Aqua was reporting a past due account with a balance owed on his credit reports.

18.     Specifically, Aqua reported the debt to Trans Union as opened in 2015, with a balance owed of $4,301 and a charge off amount of $3,508. It was unclear how the balance could increase beyond the charge off amount, in violation of contract and applicable state and federal laws.

19.     On December 5, 2024, Plaintiff disputed the credit reporting of the tradeline by Aqua. A true and correct copy of the dispute letter is attached hereto as Exhibit A.

20.     On December 5, 2024, with the assistance of legal counsel, Plaintiff sent a debt dispute and validation request to Aqua.

21.     Trans Union communicated Plaintiff's credit reporting dispute to Aqua.

22.     On January 7, 2025, Trans Union responded to Plaintiff's dispute of the credit reporting and indicated that the account was verified as accurate. Aqua continued to report to Trans Union that the account was opened in February 2015, was charged off in the amount of $3,508 and had a past due balance owed of $4,301.

23.    Despite having verified the tradeline as accurate, Aqua responded to Plaintiff's request for validation of the debt on December 31, 2024. The response by Aqua included a contract that was entered into on March 18, 2021, for the total amount of $6,850, with a description of service for a "fence", and included a billing address of 154 Henry Stevens Drive, Haines City, Florida 33844.

24.    Aqua's response further included a credit application that did not match Plaintiff's date of birth or social security number that was provided in his validation request to Aqua. Lastly, the response included a transaction history reflecting a balance owed of $5,530.48 as of 12/16/24.

25.    Plaintiff did not recognize any of the information in the provided documents as being his own or belonging to him.

26.    Aqua's response is considered a communication made in an attempt to collect upon a debt.

27.    Plaintiff has recently abstained from applying for credit because the errors are destroying his ability to get credit. Notably, Plaintiff has been in the process of attempting to obtain a line of credit for certain repairs and improvements on his home.

28.    As a result of the inaccurate credit reporting, Plaintiff has suffered damages, including, but not limited to:

a.  Monies lost by attempting to fix his credit;

b. Loss of time attempting to cure the errors;

c. Mental anguish, stress, aggravation, embarrassment, and other related impairments to the enjoyment of life;

d. Inability to apply for any credit;

e. Denials of credit accounts; and

f. Reduction in credit score.

29.    The FCCPA, Section 559.77, provides for the award of up to $1,000 statutory damages, actual damages, punitive damages, as well as an award of attorneys' fees and costs to Plaintiff, should Plaintiff prevail in this matter against Aqua.

30.    The FCRA, Sections 1681n or 1681o, or both, provide for the award of between $100 up to $1,000 in statutory damages, actual damages, punitive damages, as well as an award of attorneys' fees and costs to Plaintiff, should Plaintiff prevail in this matter against Aqua, Equifax and/or TransUnion.

## COUNT I
## VIOLATION OF FCRA 1681S-2(B)(1)(A) AND (B)

Plaintiff re-alleges and reincorporates paragraphs 1 through 30, as if fully set forth herein.

31.    Aqua is subject to, and violated the provisions of 15 U.S.C., Section 1681s-2(b), by willfully and/or negligently publishing or furnishing inaccurate

trade-line information within Plaintiff's credit reports, failing to fully and properly re-investigate Plaintiff's disputes, failing to review all relevant information regarding the same, and failing to correctly report the Debt on Plaintiff's credit reports after re-investigating Plaintiff's disputes.

32.     As described above, despite Aqua receiving multiple disputes regarding the debt via Trans Union- as well as directly from Plaintiff- Aqua willfully and/or negligently reported erroneous and inaccurate information regarding the debt to Trans Union.

33.     Importantly, Aqua not only failed to properly validate the debt but Aqua continued to report a balance owed in excess of the alleged charge off amount and failed to mark the tradeline as disputed.

34.     After receiving notice of Plaintiff's disputes, Aqua inaccurately reported and verified the debt to Trans Union, which ultimately reflected negatively and adversely on Plaintiff's credit reports and credit file as maintained by Trans Union.

35.     Aqua's refusal to remove the tradeline from Plaintiff's credit reports as unverifiable and as reporting a balance owed in excess of any alleged charge off amount was intentionally, willfully and knowingly done.

36.     Aqua's re-investigations were not conducted in good faith.

37.     Aqua's re-investigations were not conducted reasonably.

38.    Aqua's re-investigations were not conducted using all information reasonably available to Aqua.

39.    As a result of Aqua's conduct, actions, and inactions, Plaintiff was deterred from applying for credit as he believed he would not be able to obtain favorable credit terms as a result of the derogatory and erroneous reporting of the Aqua debt and did not wish to further damage his credit score with futile credit inquiries.

40.    Additionally, as a result of Aqua's actions, Plaintiff suffered emotional distress, anxiety, inconvenience, frustration, annoyance, fear, and confusion, believing that despite using all remedies available to him under the law, that Plaintiff must simply endure Aqua's erroneous, inaccurate, and incomplete reporting of the debt.

41.    Aqua's conduct was a direct and proximate cause of, as well as a substantial factor in causing serious injuries, damages, and harm to Plaintiff as stated above.

42.    Aqua's actions in violation of 15 U.S.C., Section 1681s-2(b), constitute negligent or willful noncompliance, or both, with the FCRA, and entitle Plaintiff to actual damages, statutory damages, and punitive damages, as well as attorneys' fees and costs as enumerated in 15 U.S.C., Sections 1681n or 1681o, or both.

## COUNT II
## UNLAWFUL DEBT COLLECTION PRACTICE –
## <u>VIOLATION OF FLORIDA STATUTES, SECTION 559.72(9)</u>

Plaintiff re-alleges paragraphs 1 through 30 as if fully restated herein and further states as follows:

43.    Aqua is subject to, and violated the provisions of Florida Statues, Section 559.72(9), by attempting to collect the Debt with knowledge that the alleged Debt is not legitimate or by asserting the existence of some legal right when Aqua knows that the right does not exist.

44.    Specifically, Aqua possessed actual knowledge that Plaintiff disputed the accuracy of the debt, requested validation of the debt, continued to report the debt as a charge off in the amount of $3,508 with a current balance owed and past due of $4,301, and provided the wrong account information in response to Plaintiff's request for validation of the debt which reflected an amount owed in excess of either of the immediately aforementioned amounts.

45.    Aqua has actual knowledge that it has no right to collect additional amounts from Plaintiff for interest, late fees, and collection fees when the account is charged off and has not been transferred or subject to outside debt collection.

46.    Despite Plaintiff's letters disputing Aqua's credit reporting of the account on Plaintiff's credit reports, requesting validation of the account, and despite Aqua's actual knowledge that it was not entitled to the sums identified in its credit

reporting or validation of debt, Aqua reported the results of its reinvestigations of the Account to Plaintiff, indirectly via the credit bureaus, knowingly conveying information to Plaintiff in an attempt to collect the Debt from Plaintiff.

47.     In sum, during the course of Aqua's attempts to collect the Debt, it knowingly and falsely asserted that the Debt was legitimate, and falsely asserted that it still had the right to collect the Debt directly from Plaintiff despite possessing actual knowledge of Plaintiff's disputes and payment of the Debt.

48.     As a direct and proximate result of Aqua's actions, Plaintiff sustained damages as defined by Florida Statutes, Section 559.77.

## **PRAYER FOR RELIEF**

**WHEREFORE**, as a direct and proximate result of Defendants' conduct, Plaintiff respectfully requests an entry of:

a.     Judgment against Aqua declaring that Aqua violated the FCCPA and the FCRA;

b.     Judgment against Aqua for maximum statutory damages for the violations of the FCCPA;

c.     Judgment against Aqua enjoining them from engaging in further conduct in violation of the FCCPA;

d.     Judgment against Aqua for maximum statutory damages for violations of the FCRA;

e.     Actual damages in an amount to be determined at trial;

f.     Compensatory damages in an amount to be determined at trial;

g.     Punitive damages  the FCCPA and FCRA in an amount to be determined at trial;

h.     An award of attorneys' fees and costs; and

i.     Any other such relief the Court may deem proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on all issues so triable.

## **SPOLIATION NOTICE AND DEMAND TO RETAIN EVIDENCE**

Plaintiff hereby gives notice to Defendant and demands that Defendant and its affiliates safeguard all relevant evidence—Electronically Stored Information, paper, electronic documents, or data—pertaining to this litigation.

REBBECCA GOODALL LAW, PA

/s/ Rebbecca A. Goodall
Rebbecca A. Goodall, Esq.
Florida Bar No.:  0115344
rgoodall.law@gmail.com
P.O. Box 1304
Elfers, FL 34680
(813) 438-3695
Attorney for Plaintiff,
Jorge Alejandro

Case 8:25-cv-00727-SDM-AAS    Document 1-1    Filed 03/25/25    Page 12 of 13 PageID 16    DIN: 4

IN THE COUNTY COURT OF THE SIXT JUDICIAL CIRCUIT
IN AND FOR PASCO COUNTY, FLORIDA

JORGE ALEJANDRO,                          CASE NO.:

     Plaintiff,

vs.

AQUA FINANCE, INC.

     Defendant.

_____/

# EXHIBIT A

December 5, 2024

Trans Union, LLC
P.O. Box 2000
Chester, PA 19016-2000

Re:    Jorge Alejandro
       Social Security No.: ███-9528
       Date of Birth: ███ 1977
       Address: ██████████████ New Port Richey, FL 34653
       Accounts: Aqua Finance Inc.
       Acct No.: X40169****

To Whom It May Concern,

Due to the severity of inaccurate and false information appearing on my credit reports, I have enlisted the help of an attorney to draft this letter. Although an attorney helped prepare this letter, I read it, fully understand it, and the assertions herein are my own. I attest that all facts herein are true and accurate to the best of my knowledge.

I hereby dispute and request that you correct the reporting of the above-referenced account for the following reasons:

1.    Aqua Finance is being listed with a charge off on my credit reports.
2.    I do not recognize this debt and have requested validation of the same.
3.    Trans Union is the only bureau reporting this debt.

Please investigate and correct my credit reports accordingly for the above listed account. The reporting of this account is hindering me from obtaining a home equity line of credit to make necessary repairs to my home. As part of your investigations, please forward a copy of this letter and all of its enclosures to the source of the information listed above.

After your investigations, please send free and updated report for my review. Thank you for your time and consideration of this matter.

Sincerely,

_____
Jorge Alejandro